**Scott H. CHANCE and Janice F. Chance, Respondents,**

v.

**PUBLIC WATER SUPPLY DISTRICT NO 16, Appellant.**

**No. WD 58246.**

Missouri Court of Appeals, Western District.

Jan. 2, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 2001.

Application to Transfer Denied April 24, 2001.

Douglas J. Patterson, Leawood, KS, for Appellant.

John G. Sommer, Independence, for Respondent.

SPINDEN, Chief Judge.

Scott and Janice Chance petitioned the circuit court for a judgment to detach a portion of their 10-acre tract from Public Water Supply District No 16, which serves unincorporated areas of Jackson County. The district opposed the Chances' petition and argued that a federal statute protected the district from detachment of any property. Following a hearing, the circuit court ordered that the Chances' property be detached from the district. The district appealed to this court. We affirm the circuit court's judgment.

■ We will affirm a circuit court judgment unless it is against the weight of the evidence or misstates or misapplies the law. *Deutsch v. Wolff,* 994 S.W.2d 561, 567 (Mo. banc 1999).

The Chances' request for detachment arose from their decision to divide their property into two lots. Their house was on one of the lots and was served by Independence's water system. Independence refused to supply service to the second lot unless the Chances formally petitioned for detachment from District No 16. Independence and the district have water mains adjacent to the second lot. The Chances gave the district access to their property in 1993 so the district could install a six-inch water line. The Chances testified that, because of the poor condition in which the district left their property, they decided to seek water service from Independence rather than the district for the second lot.

Section 247.031.1[1] provides, "Territory included in a district that is not being served by such district may be detached from such district provided that there are no outstanding general obligation or special obligation bonds[.]" Section 247.031.4 requires the circuit court to detach the property in question if the court finds that the detachment (1) will be in the best interest of the inhabitants and landowners of the territory to be detached and (2) will not adversely affect the remainder of the district.

■ The district contends first that the circuit court erred in detaching the Chances' property because the district was a "participant" in a federal loan program and was therefore entitled to the protection of 7 U.S.C. § 1926(b) (1999). This federal statute says, "The service provided or made available through any such association shall not be curtailed or limited by

1. All statutory citations refer to the 1994 Revised Statutes unless otherwise stated.

inclusion of the area served by such association within the boundaries of any municipal corporation or other public body[.]"

The federal loan at issue in this case is a $5 million loan by the United States Department of Agriculture to the Jackson County Water Company. The district asserts that it, too, was a party to the loan, or, in the alternative, that its assets were at risk in case of Jackson County Water Company's default.

The courts have interpreted "any such association" in § 1926(b) as signifying the entity that received the loan. *Pinehurst Enterprises, Inc. v. Town of Southern Pines,* 690 F.Supp. 444, 452 (M.D.N.C. 1988), *aff'd,* 887 F.2d 1080 (4th Cir.1989). The circuit court found that "the loan is a new project loan, and that it is not to [the district]." We agree and conclude that § 1926(b) does not protect the district from detachment of the Chances' property, whether or not the district was a "participant" in the loan.

Section § 1926(b) restricts its application to cases in which a water district's service territory has been included within a municipal corporation's or other entity's boundary. This has not occurred. The service areas of Independence and the district overlap, but the statute, by its express terms, does not pertain to overlapping service areas but only to cases in which a municipality seeks to curtail or to limit a water district's service area by annexing or including the area within its boundaries. *See City of Madison, Mississippi v. Bear Creek Water Association, Inc.,* 816 F.2d 1057 (5th Cir.1987). The statute has no application to this case.

Missouri law draws a distinction between individuals and municipalities with regard to detachment from water districts. Section 247.031 affords the voters residing within water district territory the opportunity to petition for detachment from the district. In contrast, the General Assembly created two means for a municipality to detach property from a water district. Section 247.160 establishes that, after a municipality annexes territory within a water district, the district can contract with the municipality to continue serving the annexed area or to sell or lease any or all of its operations within the district. If the municipality and district cannot agree, § 247.170, RSMo Cum.Supp.1999, allows a municipality, at least 90 days after it annexes an area, to petition for the question of detachment to be submitted to voters in a special election within the entire district.

▮ Independence has not annexed the Chances' property, but it is not prohibited from supplying them water. In *Jackson County Public Water Supply District No. 1 v. Ong Aircraft Corp.,* 409 S.W.2d 226, 230 (Mo.App.1966), *cert. denied,* 387 U.S. 919, 87 S.Ct. 2033, 18 L.Ed.2d 973 (1967), this court cited another Missouri statute, § 91.050,[2] in determining that cities may supply water to property inside a water district's territory. Interpreting § 91.050 together with Chapter 247, the *Ong* court found that the General Assembly did not intend to restrict a city from supplying water to a district's territory or to give a water district an exclusive right to supply water. *Id.*

In summary, the circuit court did not err in detaching the Chances' property

---

2. The statute says, "Any city in this state which owns and operates a system of waterworks may, and is hereby authorized and empowered to, supply water from its waterworks to other municipal corporations for their use and the use of their inhabitants, and also to persons and private corporations for use beyond the corporate limits of such city, and to enter into contracts therefor, for such time, upon such terms and under such rules and regulations as may be agreed upon by the contracting parties."

from the district. The federal statute on which the district relied, 7 U.S.C. § 1926(b), did not apply, and, in the absence of that protection, Missouri statutes provide that voters residing in the district's territory may petition the circuit court for detachment. Furthermore, for Independence to supply water to the property is proper under established statutory interpretation.

■ In its second point, the district asserts that the circuit court's judgment was not supported by substantial evidence. The district argues that the Chances failed to prove that the detachment would not adversely affect the remainder of the district. We view the evidence in the light most favorable to the judgment. *Searcy v. Seedorff,* 8 S.W.3d 113, 116 (Mo. banc 1999). The Chances established that their property did not supply any tax revenue for the district. The district manager, Robert Long, testified that the Chances' property was part of the district's anticipated customer base and that the district's growth would insure its survival. Long acknowledged, however, that detaching the Chances' property would not have a significant impact on the district's revenue. The circuit court found that the district's connection fee and the monthly charge were greater than Independence's. The court further found that the Chances' property constituted 10 acres out of 70,000 and was one customer out of 1070. In response to Long's claim that detachment of one parcel would "open the floodgates" to further detachments, the circuit court limited its judgment to the specific and unique facts of the case. We discern no abuse of discretion by the circuit court in finding that "[o]ne residential connection does not generate sufficient income for [the district] to amount to a significant adverse affect on the remainder of [the district]."

■ The district's final point is that the circuit court erred by ordering that both lots of the Chance property be detached from the district because the Chances' petition prayed for detachment of only the lot not served by Independence. The prayer is not part of the petition, and the court may disregard it in granting relief. *Caldwell v. Eubanks,* 326 Mo. 185, 30 S.W.2d 976, 980 (1930). The circuit court's judgment simply affects its finding that the district "has no reasonable expectation of receiving income from property already serviced by the City of Independence." The circuit court did not abuse its discretion in detaching both lots from the district's territory.

For these reasons, we affirm the judgment.

ULRICH, Judge, and EDWIN H. SMITH, Judge, concur.