# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1685

_____

Public Water Supply District No. 10     *
of Cass County, Missouri,     *
     *
         Plaintiff-Appellant,     *
     *   Appeal from the United States
      v.        *   District Court for the
     *   Western District of Missouri.
City of Peculiar, Missouri,     *
     *
         Defendant-Appellee.     *

_____

Submitted:   September 9, 2003

Filed:    October 3, 2003

_____

Before SMITH, LAY, and BRIGHT, Circuit Judges.

_____

LAY, Circuit Judge.

Public Water Supply District No. 10 (the "District") seeks a declaratory judgment alleging that the City of Peculiar (the "City") is illegally acting to dissolve the District, under Missouri Rev. Stat. § 247.220, in violation of 7 U.S.C. § 1926(b). It also seeks damages under 42 U.S.C. § 1983 arising from any curtailment or limitation of its rights to sell water within its territory as a result of the City's illegal competition.

In the district court, the City moved to dismiss on two grounds: 1) that the District's Complaint failed to state a claim because § 1926(b) is not applicable to dissolution proceedings under § 247.220; and 2) that the case is not ripe for adjudication because a petition for dissolution has not yet been filed under § 247.220.

The district court assumed the case was justiciable and granted the City's motion to dismiss for failure to state a claim. The district court found that § 1926(b) forbids competition with water associations such as the District only when they have settled their government debt. Once the debt is settled, § 1926(b) provides no further protection. Because § 247.220 requires all debts to be paid before dissolution, the district court reasoned that the District's Complaint failed to state a claim that any dissolution under § 247.220 would violate the protections of § 1926(b). The District now appeals that decision.

## I. Background

The District is located in Cass County, Missouri. It is a public corporation organized under Missouri law for the purpose of developing and providing an adequate water supply for the inhabitants of the district. To further this purpose, the District entered into a loan agreement with the United States Department of Agriculture for $465,000 pursuant to 7 U.S.C. § 1921 *et seq.* The first installment was due on June 2, 2002. The final installment is due on December 1, 2036.

Section 1926(b) prohibits municipalities from curtailing or limiting the service of a rural water service provider. It provides:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan . . . .

To qualify for this protection, the water association must have continuing federal indebtedness and must have made service available to the disputed area. It is undisputed that the District currently qualifies for § 1926(b) protection.

The City of Peculiar is a municipality located in Cass County, Missouri. Some parts of the City are within the jurisdictional limits of the District's service territory. The City operates its own water distribution system. The District alleges in its Complaint that the City is threatening to dissolve the District under Missouri Rev. Stat. § 247.220 and take over water service within the District's service territory.

Section 247.220 provides a mechanism by which the inhabitants of a public water supply district may dissolve their own district by popular vote. The process is initiated by filing a petition in the state circuit court of the county where the district is located. The petition must be signed by not less than one-fifth of the registered voters from each subdistrict. If the court finds that it would not be in the public interest to dissolve the district, the petition will be dismissed. If it is in the public interest, a vote is taken by the inhabitants of the district. A two-thirds majority is required to dissolve the district. The court will issue an order for or against dissolution, according to the results of the election. By its terms, § 247.220 requires that "no district shall be dissolved until after all of its debts shall have been paid."

The District argues on appeal that the district court erred in narrowly construing the protections of § 1926(b). The District alleges that the City clearly violated these protections by: 1) soliciting voters to bring a dissolution petition; 2) representing that it will join as plaintiff in a petition for dissolution; and 3) holding itself out as an alternative water supplier. The City responds that the district court correctly granted the motion to dismiss for failure to state a claim because § 1926(b) is inapplicable to proceedings under § 247.220. The City also argues, as it did before the district court, that the District's case is premature for adjudication.

## II. Discussion

The District seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, which provides that federal courts can grant declaratory relief in "a case of actual controversy." The Declaratory Judgment Act did not extend federal court jurisdiction beyond the recognized boundaries of justiciability, but only "enlarged the range of remedies available." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). The Supreme Court has emphasized that the "case of actual controversy" language limits federal court action to justiciable cases. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40 (1937). We therefore must determine whether the District's request for declaratory relief meets the traditional justiciability requirement of ripeness.

"The ripeness doctrine flows both from the Article III 'cases' and 'controversies' limitations and also from prudential considerations for refusing to exercise jurisdiction." Nebraska Pub. Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1037 (8th Cir. 2000). The "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967). It is well settled that the ripeness inquiry requires the examination of both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. at 149. This court recently determined that "[a] party seeking judicial relief must necessarily satisfy both prongs to at least a minimal degree." Nebraska Pub. Power, 234 F.3d at 1039.

"The 'fitness for judicial decision' inquiry goes to a court's ability to visit an issue." Id. at 1038. Whether a case is "fit" depends on whether it would benefit from further factual development. See id.; see also National Right to Life Political Action Comm. v. Conner, 323 F.3d 684, 692-93 (8th Cir. 2003). The case is more likely to

be ripe if it poses a purely legal question and is not contingent on future possibilities. See Nebraska Pub. Power, 234 F.3d at 1038.

Regarding the "hardship" prong, "[a]bstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." O'Shea v. Littleton, 414 U.S. 488, 494 (1974) (internal quotations and citations omitted). "The plaintiffs need not wait until the threatened injury occurs, but the injury must be 'certainly impending.'" Paraquad, Inc. v. St. Louis Hous. Auth., 259 F.3d 956, 958-59 (8th Cir. 2001) (quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979)).

The District does not satisfy the hardship prong because its injury is speculative. There is no contention that the District is suffering an injury now. The only possible injury to the District is dissolution under § 247.220. Yet no petition for dissolution has been filed, and it is not clear that a petition will ever be filed. The District has offered no evidence, for example, that the petition has received enough signatures to be submitted to the state circuit court. The District insists that the City is threatening dissolution, but by the express terms of § 247.220, dissolution is not primarily in the control of the City, but is instead in the hands of the citizens of the district. There is no indication in the record of what the citizens want. Thus, there is simply nothing to suggest that a petition for dissolution is "certainly impending." Id. at 959. This court has repeatedly stated that a case is not ripe if the plaintiff makes no showing that the injury is direct, immediate, or certain to occur. See id. at 959-60 ("[T]he injury must be certainly impending.") (internal quotations and citations omitted); South Dakota Mining Ass'n, Inc. v. Lawrence County, 155 F.3d 1005, 1008 (8th Cir. 1998) (stating that a plaintiff must "'demonstrate a realistic danger of sustaining a direct injury.'") (quoting Babbitt, 442 U.S. at 298); Employers Ass'n v. United Steelworkers AFL-CIO-CLC, 32 F.3d 1297, 1299 (8th Cir. 1994) ("Ripeness is demonstrated by a showing that a live controversy exists such that the plaintiffs

will sustain immediate injury . . . ."); <u>Marine Equip. Mgmt. Co. v. United States</u>, 4 F.3d 643, 647 (8th Cir. 1993) (refusing to declare the rights of the plaintiff against future litigants when there was not a substantial probability that any such claims would ever be made).

Furthermore, the District faces no hardship as a result of this court withholding review because it can raise its § 1926(b) claim in the state circuit court when and if a petition is filed. The District seems quite concerned that its § 1926(b) claim will not be heard in a federal court. It argues that once a petition is filed with the state circuit court, the case will remain in state court due to the abstention doctrine.

The District's concerns reflect its preference of forum, but do not amount to an argument for ripeness. We see no reason why the state circuit court cannot or should not hear the District's § 1926(b) claim. It is beyond doubt that state courts can, and often do, exercise jurisdiction over issues of federal law. <u>Gulf Offshore Co. v. Mobile Oil Corp.</u>, 453 U.S. 473, 477 (1981) ("[S]tate courts may assume subject-matter jurisdiction over a federal cause of action . . . .").

Regarding the "fitness of the issues" prong of the analysis, the case would benefit from further factual development. The issue is not a purely legal one, but is dependent on facts showing the City has or has not curtailed or limited the District's service of its territory. The District alleges that the City is soliciting voters and holding itself out as an alternative water supplier. It is not clear, however, what role these activities would play in dissolution, given that dissolution has not yet occurred. The City's role seems especially ambiguous considering that, under § 247.220, it is the citizens of the District that are primarily involved in the dissolution process, not the City.

This is not to say the City cannot, or will not, play a part in the dissolution that violates § 1926(b). It seems self evident, however, that the City's involvement in the

-6-

(hypothetical) dissolution of the District will not be known until the petition for dissolution has been filed. At that point, important additional facts regarding the City's alleged violation of § 1926(b) will necessarily have come to light, including: 1) whether the City has joined as a plaintiff in the petition for dissolution; 2) whether the City will pay the District's debt, as is required for dissolution under § 247.220; and 3) what role the City has played in organizing the citizen petition drive.

"The precise line between ripe actions and premature actions is not an easy one to draw . . . ." <u>Missouri Highway and Transp. Comm'n v. Cuffley</u>, 112 F.3d 1332, 1338 (8th Cir. 1997). This case, however, is clearly not ripe because the threat of injury is not "certainly impending," there is no hardship to the District in denying review, and the development of additional facts would focus the dispute.

## III. Conclusion

For the reasons set forth above, we hold the case is not ripe for adjudication. The district court was without jurisdiction to dismiss on the merits. Accordingly, the judgment of the district court is vacated, and the case is remanded with instructions to dismiss the action for lack of jurisdiction.

Judgment VACATED.

_____