Ron VANDER WAL, Plaintiff,

v.

SYKES ENTERPRISES, INCORPORATED, Cassie Thompson, and John and Mary Does 01–10, Defendants.

No. A1–04–49.

United States District Court,
D. North Dakota,
Southwestern Division.

July 22, 2004.

John J. Gosbee, Mandan, ND, for Plaintiff.

John W. Morrison, Jr., Shane A. Hanson, Fleck, Mather & Strutz, Ltd., Bismarck, ND, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

HOVLAND, Chief Judge.

Before the Court is Defendant Sykes Enterprises, Incorporated's, and Defendant Cassie Thompson's Motion to Dismiss filed on May 18, 2004. The motion is filed pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied.

## I. BACKGROUND

The parties agree the following facts are undisputed. The plaintiff, Ron Vander Wal, is a member of the South Dakota National Guard. Vander Wal worked for Sykes at its Bismarck, North Dakota, location prior to being called to military service overseas. On January 23, 2003, Vander Wal left his employment at Sykes to begin his military duty. At the time he left, Vander Wal told Sykes his military duty would last until June 2004. On March 23, 2004, Vander Wal returned to the United States. On March 31, 2004, Vander Wal submitted an application to Sykes stating he would be available to return to work on May 4, 2004. On April 6, 2004, Vander Wal visited Sykes to inquire about his application and spoke to the defendant, Cassie Thompson.

On April 23, 2004, Vander Wal's counsel faxed a letter to Kenneth Cass at Sykes Enterprises, Incorporated. Cass did not receive the fax until April 27, 2004. Vander Wal filed suit in federal district court on April 28, 2004. That same day, April 28, 2004, Sykes sent correspondence to Vander Wal advising him to report for work on May 4, 2004. On May 4, 2004, Vander Wal reported for work at Sykes.

## II. LEGAL DISCUSSION

### A. MOTION TO DISMISS UNDER RULE 12(B)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Unlike a challenge under Rule 12(b)(6), courts may consider matters outside the pleadings. *Osborn v. United States*, 918 F.2d 724, 729–30 (8th Cir.1990). A motion to dismiss under Rule 12(b)(1) may be supported with affidavits or other documents and this Court may hold a hearing at which witnesses may testify if necessary. *Id.* The Court's consideration of materials outside the pleadings does not automatically convert the motion to dismiss under Rule 12(b)(1) into a motion for summary judgment under Rule 56. *Casazza v. Kiser*, 313 F.3d 414, 418–19 (8th Cir.2002). The Court notes the parties have submitted affidavits and exhibits for the Court's review. The Court has reviewed these documents and will consider them in deciding the Rule 12(b)(1) motion.

Sykes asserts the Court does not have subject matter jurisdiction over Vander Wal's claim because it does not meet the

case or controversy requirement of Article III of the United States Constitution. Sykes asserts (1) Vander Wal does not have standing because he does not have a injury in fact; (2) Vander Wal's case is moot; and (3) Vander Wal's case was not ripe when it was filed.

### 1. STANDING—INJURY IN FACT

■ A party invoking federal jurisdiction must establish that he has met the requirements of both constitutional and prudential standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The burden to show standing is not a mere pleading requirement, "but rather an indispensable part of the plaintiff's case." *Id.* Each and every element of the standing requirements "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* Strict compliance with this jurisdictional standing requirement is mandated. *Delorme v. United States,* 354 F.3d 810, 815 (8th Cir.2004) (citing *Johnson v. Missouri,* 142 F.3d 1087, 1088 (8th Cir.1998)).

■ Constitutional standing has three requirements. *Lujan,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351. First, a plaintiff must demonstrate that he has suffered an injury in fact which is actual, concrete, and particularized. *Id.* Second, the plaintiff must show a causal connection between the conduct complained of and the injury. *Id.* Third, the plaintiff must establish that the injury will be redressed by a favorable decision. *Id.* "General factual allegations of injury resulting from a defendant's conduct may suffice" at the pleadings stage to meet the injury in fact requirement for constitutional standing. *Lujan,* 504 U.S. 555, 561, 112 S.Ct. 2130. While "on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* The Court's inquiry into standing, however, is not a review of the merits of the plaintiff's claim. *Oti Kaga, Inc. v. South Dakota Housing Development Authority,* 342 F.3d 871 (8th Cir.2003).

■ In his complaint, Vander Wal alleges that he suffered lost wages and benefits when Sykes did not rehire him. The Court finds the loss of wages and benefits, although minimal, to be a sufficient allegation of an actual concrete and particularized injury. Vander Wal also alleged his wage and benefit loss was due to Sykes' failure to rehire him. The Court also finds that Vander Wal has alleged a sufficient casual connection between his injury (lost wages and benefits) and the actions of Sykes. Vander Wal has also alleged an injury that can be redressed by a favorable decision, i.e., if he prevails, Vander Wal may receive compensation for his lost pay and benefits. Accordingly, the Court finds Vander Wal has properly alleged an injury in fact despite the fact the economic losses are minimal.

### 2. MOOTNESS

■ "Under Article III of the Constitution, federal courts 'may adjudicate only actual, ongoing cases or controversies.'" *McCarthy v. Ozark School District,* 359 F.3d 1029 (8th Cir.2004) (quoting *National Right to Life Political Action Comm. v. Connor,* 323 F.3d 684, 689 (8th Cir.2003)). Various doctrines, including the doctrine of mootness, provide the tools used to determine whether a plaintiff presents a justiciable case or controversy. *McCarthy v. Ozark School District,* 359 F.3d 1029 (8th Cir.2004). The Eighth Circuit recently stated:

The Supreme Court has repeatedly described the mootness doctrine as "the

doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.(TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citations omitted). Thus, "[w]e do not have jurisdiction over cases in which 'due to the passage of time or a change in circumstances, the issues presented ... will no longer be 'live' or the parties will no longer have a legally cognizable interest in the outcome of the litigation.'" *Van Bergen v. Minnesota*, 59 F.3d 1541, 1546 (8th Cir.1995) (quoting *Arkansas AFL–CIO v. FCC*, 11 F.3d 1430, 1435 (8th Cir.1993) (en banc)). *National Right to Life Political Action Comm.*, 323 F.3d 684, 691.

The Court must determine whether the current litigation still presents Vander Wal with an opportunity for redress or whether Vander Wal has received the entirety of his requested relief from Sykes and, therefore, no longer possesses a personal interest in the litigation. There is no question that Sykes significantly mitigated its liability by rehiring Vander Wal on May 4, 2004. However, the fact that Skyes ultimately rehired Vander Wal does not erase the alleged harm suffered between the date he reapplied at Sykes (March 31, 2004), and the date he began working for Sykes (May 4, 2004). While Vander Wal's injury does not appear to be ongoing, his allegations of prior harm are not moot. Vander Wal still has a legally cognizable interest in the outcome of the litigation. Thus, the Court finds Vander Wal's claim is not moot.

### 3. RIPENESS

■ "The ripeness doctrine flows both from the Article III 'cases' and 'controversies' limitations and also from prudential considerations for refusing to exercise ju-

risdiction." *Public Water Supply District No. 10 of Cass County Missouri v. City of Peculiar, Missouri*, 345 F.3d 570 (8th Cir.2003)(quoting *Nebraska Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir.2000)). The "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). It is well-settled that the ripeness inquiry requires the examination of both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149, 87 S.Ct. 1507. The Eighth Circuit has held "[a] party seeking judicial relief must necessarily satisfy both prongs to at least a minimal degree." *Nebraska Pub. Power*, 234 F.3d 1032, 1039.

■ "The 'fitness for judicial decision' inquiry goes to a court's ability to visit an issue." *Id.* at 1038. Whether a case is "fit" depends on whether it would benefit from further factual development. See also *Nat'l Right to Life Political Action Comm. v. Connor*, 323 F.3d 684, 692–93 (8th Cir.2003). The case is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities. See *Nebraska Pub. Power*, 234 F.3d 1032, 1038.

■ Regarding the "hardship" prong, "[a]bstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (internal quotations and citations omitted). "The plaintiffs need not wait until the threatened injury occurs, but the injury must be 'certainly impending.'" *Paraquad, Inc. v. St. Louis Hous. Auth.*, 259 F.3d 956, 958–

59 (8th Cir.2001) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)).

▮ Sykes asserts that Vander Wal's claims are unripe because at the time he filed suit, Vander Wal did not know whether Sykes would rehire him. At the time he filed suit, Vander Wal was under the impression that he was not going to be reemployed by Skyes. Even if this impression was a result of a misunderstanding, as Sykes has suggested, the fact remains that Vander Wal had not been rehired by Sykes at the time he filed suit and did not begin work at Sykes until May 4, 2004. In addition, at the time he filed suit, Vander Wal had allegedly sustained or was immediately in danger of sustaining some direct injury as the result of Sykes' conduct. Thus, the Court finds Vander Wal's claim was ripe at the time he filed suit and remains to be ripe for the Court's review.

## B. MOTION TO DISMISS UNDER RULE 12(B)(6)

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept all of the factual allegations set out in the complaint as true and construe the complaint in a light most favorable to the plaintiff. *Faibisch v. University of Minnesota*, 304F.3d 797, 802 (8th Cir.2002). Dismissal for failure to state a claim will only be granted if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claim which would entitle it to relief. Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Id.*

Although the parties have submitted additional materials to aid the Court in determining whether it has subject matter jurisdiction over this case, the Court will disregard these additional materials when considering Sykes' motion to dismiss for failure to state a claim under Rule 12(b)(6).

▮ To state a claim under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4311, Vander Wal must allege (1) membership in a uniformed service, (2) denial of reemployment, (3) reemployment denied on the basis of membership in the uniformed service. Although Vander Wal's complaint does not specifically allege he is a member of the uniformed service, he states he was ordered to active duty and stationed in Iraq. Taking these facts in the light most favorable to Vander Wal, the Court finds he has alleged membership in a uniformed service.

Vander Wal has also alleged that Sykes failed to rehire him upon his return from Iraq. Sykes asserts, and Vander Wal has not denied, that Sykes rehired Vander Wal on May 4, 2004. While the fact Sykes ultimately rehired Vander Wal may mitigate a significant portion of Vander Wal's recoverable damages, it does not erase the alleged harm suffered between the date he reapplied at Sykes (March 31, 2004), and the date he began working for Sykes (May 4, 2004). Again, taking these facts in the light most favorable to Vander Wal, the Court finds he has alleged that he was denied reemployment at Sykes.

In his complaint, Vander Wal also alleges that Sykes concocted a scheme to misrepresent the availability of jobs at Sykes in order to replace returning veterans with lower-paid new employees. Whether Vander Wal will be able to provide evidence to support this allegation is not part of the Court's review under Rule 12(b)(6). At this stage the Court is bound to accept all of the factual allegations set out in the complaint as true and construe the complaint in a light most favorable to the plaintiff. *Faibisch v. University of*

*Minnesota,* 304 F.3d 797, 802 (8th Cir. 2002). Thus, the Court finds Vander Wal has sufficiently alleged Sykes did not re-hire Vander Wal because of his membership in the uniformed services.

## III. CONCLUSION

Without passing on the merits of Vander Wal's claim, the Court DENIES the Defendants' Motion to Dismiss. (Doc. No. 2). In addition, the Court will schedule this case for an early settlement conference.

IT IS SO ORDERED.