Ruth G. **HORN** and John L. **Horn, Respondents,**

v.

**PUBLIC WATER SUPPLY DISTRICT NO. 8 OF CLAY COUNTY, MISSOURI, Appellant.**

No. WD 63389.

Missouri Court of Appeals, Western District.

Jan. 21, 2005.

Jeremiah D. Finnegan, Kansas City, for appellant.

Mark Edward Kelly, Liberty, for respondent.

Before JAMES M. SMART, JR., P.J., JOSEPH M. ELLIS, and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

Public Water Supply District No. 8 of Clay County, Missouri, appeals a Circuit Court ruling allowing detachment of land within the water district. We reverse and remand.

## Standard of Review

 We review the judgment of the trial court pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), under which we will sustain the trial court's judgment unless there is no substantial evidence to support, unless it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law.

## Factual Background

Ruth and John Horn own 180 acres in Clay County. On August 2, 2002, the Horns agreed to sell the 180–acre tract to a developer, Mark Geisinger, who planned to develop the property into both multi-family and single family units. The sale was contingent upon the entire tract being annexed into the City of Kearney. One hundred and forty acres of the property already has been annexed by the City. The forty acres not annexed lie within the boundaries of Public Water Supply District No. 8 of Clay County. That forty acres is the subject of this lawsuit.

The Water District is a public water supply district formed pursuant to Chapter 247 of the Missouri Statutes. The Water District serves a total of 18,000 acres. The Horns are one family among over 800 customers located within the boundaries of the Water District.

At the time of the contract between the Horns and Geisinger, the Water District provided service to the forty acres. In December 2002, the Horns requested that the service be terminated. In February

2003, at the request of the Horns, the meter was removed by the Water District, but the meter box and the water line were left in place. The Water District has a four-inch water main along the entire side length of the subject property and also a twelve-inch main which could be extended to the property within one month.

Geisinger will not proceed with development unless water and waste water can be provided by the City of Kearney. The City has agreed to provide water service to the 140 acres previously annexed. It will also provide service to the forty acres if it is detached from the Water District and annexed by the City. If the forty acres were to be annexed without detachment from the Water District, the City would have to install sewer service but would not be able to provide water service. The City's current policy is to not annex property and provide sewer service unless it can also lay the groundwork for water service at the same time.

The Water District has a loan from the Farm and Home Administration of the U.S. Department of Agriculture. The loan is scheduled to be paid off October 1, 2010. The loan is secured by special obligation water works revenue bonds. Also, in 2003, the Water District created a second bond obligation in the amount of $960,000. The holders of the bonds have not consented to the detachment.

On May 19, 2003, the Horns filed a petition for detachment, pursuant to Section 247.031, RSMo, seeking to have the forty acres detached from the boundaries of the Water District. The City of Kearney did not pursue the detachment. The City did, however, provide funding for the Horns legal costs in pursuing the detachment.

The matter came before the trial court for hearing on July 7, 2003. The Water District argued, *inter alia*, that the detachment was precluded by 7 U.S.C. § 1926(b). That statute provides protection for water districts that are participants in federal loan programs by prohibiting the district's services from being "curtailed or limited by inclusion ... within the boundaries of any municipal corporation or other public body[.]" *See Robertson Properties v. Pub. Water Supply Dist. No. 8 of Clay County, Missouri*, Case No. WD 62968, 153 S.W.3d 320, 2005 WL 119827, handed down concurrently herewith, for a complete recitation of the statute and discussion of its policy and legislative history.

After hearing all the evidence and receiving argument from the parties, the court found that detachment was in the best interests of the inhabitants and landowners of the territory to be detached and that such detachment would not adversely affect the remainder of the Water District. Relying upon *Chance v. Pub. Water Supply Dist. No. 16*, 41 S.W.3d 523 (Mo.App. 2001), the court also held that 7 U.S.C. § 1926(b) was not applicable to the case. On September 9, 2003, the court approved detachment of the Horns' property. The Water District appeals.

**Applicability of 7 U.S.C. Section 1926(b)**

■ We find that this case is governed by this court's ruling in *Robertson Properties v. Pub. Water Supply Dist. No. 8 of Clay County, Missouri*, Case No. WD 62968, 153 S.W.3d 320, handed down concurrently herewith, in which this court held that the trial court erroneously applied the law by focusing its analysis on the Missouri statute, Section 247.031, RSMo, instead of first engaging in a formal analysis of the applicable federal statute, 7 U.S.C. § 1926(b). This court also held in *Robertson* that the trial court erroneously relied upon *Chance v. Pub. Water Supply Dist. No. 16*, 41 S.W.3d 523 (Mo. App.2001), to conclude that Section 1926(b)

was inapplicable, because *Chance* was distinguishable. *Robertson* was reversed and remanded.

In this case, as in *Robertson*, the trial court again based its ruling with regard to Section 1926(b) upon this court's holding in *Chance*, 41 S.W.3d 523. The facts of this case are nearly identical to those in *Robertson* with one exception. This case differs slightly, in that there the City had already annexed the landowners' property prior to the detachment action. Here, the landowners brought the detachment action first, with the understanding that the City would annex the property once it was detached. Despite that difference, we believe that *Chance* is similarly distinguishable from the case before us. The federal loan in *Chance* had not been made to the water district, but to the Jackson County Water Company. The district called itself a "participant" in the loan, apparently because it helped guarantee the loan. But because the district was not "the entity that received the loan," the court said that Section 1926(b) did not apply. In this case, in contrast, the loan from the United States was made specifically to the Water District. Another significant distinction is that in *Chance*, the City of Independence did not intend to annex the land in question, whereas here, the City of Kearney clearly did intend to annex the Horns' land. In this case, the trial court must address whether the City, the developer, and the Horns are working together to accomplish the very thing prohibited by Section 1926(b)—the curtailment of service by the water district and the annexation of the land to the City of Kearney—and whether, as a result, Section 1926(b) is a defense to this action.

For the reasons cited in *Robertson*, we reverse and remand the judgment in this case to the trial court for further proceedings consistent with this opinion.

All concur.