# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2072

_____

| | | |
|---|---|---|
| Public Water Supply District No. 8 of Clay County, Missouri, | * * * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| City of Kearney, Missouri; Ronald L. Davisson; Alan W. York, Trustee; Paula A. York, Trustee, | * * * * | |
| Appellees. | * | |

_____

Submitted: January 11, 2005
Filed: March 25, 2005

_____

Before LOKEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The controversy underlying this appeal is a dispute over whether Public Water Supply District Number 8 or the City of Kearney will supply water to certain property owners in Missouri. But we need not reach the merits of this dispute to resolve the appeal because we conclude that the case is not ripe. We therefore remand the case to the district court for entry of a judgment dismissing the case without prejudice.

The District is a political subdivision of the State of Missouri charged with providing water to people who reside within the geographical confines of the District. Ruth and John Horn, Robertson Properties, Inc., and the United Methodist Church of Kearney all own property within the District's boundaries. They have commenced separate suits in state court pursuant to Mo. Rev. Stat. § 247.031 to "detach" their land from the District. When property is detached from a water supply district, the property owners may obtain water from a source other than the water supply district of which their property was formerly a part. *See generally City of Harrisonville v. Public Water Supply Dist. No. 9*, 129 S.W.3d 37, 38 (Mo. Ct. App. 2004). In these state detachment proceedings, the District has argued that a federal statute, 7 U.S.C. § 1926(b), preempts Missouri law on detachment, prohibiting the court from detaching the property. Section 1926(b) protects water supply districts from competition if those districts have obtained loans from the federal government and those loans have not yet been fully repaid. *See Rural Water System # 1 v. City of Sioux Center*, 202 F.3d 1035, 1038 (8th Cir. 2000), *cert. denied*, 531 U.S. 820 (2000).

With regard to the Horn and Robertson properties, each of the state trial courts concluded that detachment was appropriate. Recently, however, the Missouri Court of Appeals overturned the trial courts' decisions; the appellate court decided that the trial courts did not properly consider the federal defense, so it reversed the detachment orders and remanded the cases. *Robertson Properties, Inc. v. In re Detachment of Territory from Public Water Supply Dist. No. 8*, 153 S.W.3d 320, 325-26, 330 (Mo. Ct. App. 2005); *Horn v. Public Water Supply Dist. No. 8*, 153 S.W.3d 330, 332-33 (Mo. Ct. App. 2005). The trial court hearing the detachment proceeding pertaining to the church's property has not yet issued its decision.

While these state court cases were proceeding, and before the decisions by the Missouri Court of Appeals, the District filed this action against the City and the owners of properties known as the York, Long, and Davisson properties. The district court dismissed the action. The District appeals only the dismissal of its claim against

the City. At oral argument, the District represented that all that remains of this suit for purposes of appeal is its request for a declaratory judgment that even if the Horn, Robertson, and Church properties can be detached (*i.e.*, even if § 1926(b) does not preempt Missouri law on detachment), the City cannot sell water to the owners of these properties. The District's theory is that § 1926(b) preempts any state law that would allow the City to sell water to the owners of these properties, even if the properties are detached. The City contends, in part, that the District's action is not ripe.

The ripeness doctrine is grounded in both the jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration. *Bender v. Education Credit Mgmt. Corp.*, 368 F.3d 846, 847-48 (8th Cir. 2004). Article III limits courts to deciding actual "Cases" and "Controversies," U.S. Const. art. III, § 2, thereby prohibiting them from issuing advisory opinions, *Bender*, 368 F.3d at 847-48. One kind of advisory opinion is an opinion " 'advising what the law would be upon a hypothetical state of facts.' " *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)). As for policy, courts avoid resolving disputes based on hypothetical facts because to do so would be a poor use of scarce judicial resources. *Bender*, 363 F.3d at 848. Whether a case is ripe depends on the state of the case at the time of review, not at the time of filing. *See Blanchette v. Connecticut Gen. Ins. Corp.*, 419 U.S. 102, 139-40 (1974); *Nebraska Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1039-40 (8th Cir. 2000).

The ripeness doctrine applies to declaratory judgment actions. *Public Water Supply Dist. No. 10 v. City of Peculiar*, 345 F.3d 570, 572 (8th Cir. 2003). A declaratory judgment action can be sustained if no injury has yet occurred. *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004). Before a claim is ripe for adjudication, however, the plaintiff must face an injury that is "certainly impending." *Pennsylvania v. West Virginia*, 262 U.S. 553, 593 (1923); *South Dakota*

*Mining Ass'n, Inc. v. Lawrence County*, 155 F.3d 1005, 1008 (8th Cir. 1998). Whether the factual basis of a declaratory judgment action is hypothetical – or more aptly, too hypothetical – for purposes of the ripeness doctrine (and concomitantly Article III) is a question of degree. *See Nebraska Public Power*, 234 F.3d at 1037-38.

We conclude that this case is not ripe. The District wants a declaration that the City cannot sell water to the property owners if the property they own is detached from the District. But the injury facing the District, water sales by the City to the owners of the formerly attached properties, is not "certainly impending." According to our reading of the record, the City has promised to sell water to the property owners if their properties are detached from the District. *Cf. Public Water Supply Dist. No. 10 v. City of Peculiar*, 971 S.W.2d 849, 854-55 (Mo. Ct. App. 1998). If the properties were detached, we think (though do not decide) that the injury would be "certainly impending" and the case would be ripe. The properties have not been detached, however. All of the detachment proceedings are currently pending before Missouri state trial courts. We are not sufficiently sure that the District will lose these cases to hold that it faces a "certainly impending" injury. *See Massachusetts Bay Transp. Auth. v. United States*, 21 Cl. Ct. 252, 261 (1990). The state detachment cases turn on factual questions about the applicability of § 1926(b) that cannot be assessed on the record before us and legal questions related to preemption that it appears could reasonably be resolved in favor of the District. *See Robertson*, 153 S.W.3d at 326-27; *Horn*, 153 S.W.3d at 332-33; *cf. City of Park City v. Rural Water Dist. No. 2*, 960 F. Supp. 255, 258 (D. Kan. 1997). *See generally Indiana Bell Tel. Co. v. Indiana Utility Regulatory Comm'n*, 359 F.3d 493, 497 (7th Cir. 2004). Any opinion we would issue would be advisory, in contravention of Article III, and a waste of resources, because the District may win in Missouri state court and in the United States Supreme Court, if it comes to that.

Although the District does not appeal the grounds on which the district court dismissed the claims regarding the York, Long, and Davisson properties, it challenges

a few statements in the district court's opinion that follow its holding that these claims were not ripe. These statements were dicta, however, so we need not assess their propriety. *See Armbruster v. Unysis Corp.*, 32 F.3d 768, 777 n.9 (3d Cir. 1994).

Finally, we note that the district court failed to enter judgment on a separate document as required by Federal Rule of Civil Procedure 58(a)(1). Although we do not condone this practice, we nonetheless have concluded that there is a final judgment for purposes of appeal because the district court's order dismisses all of the District's claims and neither party has objected to the absence of a separate document. *See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 952 (8th Cir. 2001). We remand to the district court with directions to enter judgment on a separate document dismissing the case without prejudice.

_____