The **ORCHARD CORPORATION OF AMERICA**, Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD**, Respondent.

No. 19332.

United States Court of Appeals
Eighth Circuit.

March 13, 1969.

---

Edward T. Foote, of Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for petitioner, Gaylord C. Burke, St. Louis, Mo., on the brief.

Julius Rosenbaum, Atty., N. L. R. B., Washington, D. C., for respondent. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Glen M. Bendixsen, Atty., N. L. R. B., on the brief.

Before GIBSON, LAY and HEANEY, Circuit Judges.

PER CURIAM.

Petitioner, Orchard Corporation of America, seeks review of a decision of the National Labor Relations Board finding that petitioner violated § 8(a) (1) of the National Labor Relations Act and ordering that a new election be held. The Board cross-petitions for enforcement of its order.

The Orchard Corporation, which buys and processes paper, employs 72 hourly workers. In the spring of 1967 the St. Louis Printing Pressmen and Assistants Union Local No. 6, in response to requests from several employees, commenced an organization campaign at the Orchard Corporation plant. During the course of the campaign, Mr. Lehtinen, a company supervisor, informed an em-

ployee that he had seen a list of employees who had attended a union meeting. On other occasions Lehtinen interrogated employees with respect to their feelings about the union. He made veiled suggestions that certain privileges now enjoyed by the employees would be lost if they became unionized. The Board found that because of these actions by Lehtinen the company violated § 8(a) (1) of the Act by coercively interrogating employees about union activities, by creating an impression of surveillance of union activities, and by threatening to withdraw currently enjoyed privileges.

Petitioner alleges that the actions of its supervisor are merely isolated instances which provide no substantial evidence to support the Board's findings. We affirm the Board's findings and grant enforcement of its order.

■■■ We think that the record as a whole contains substantial evidence to support the Board's findings of § 8(a) (1) violations. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). An employer's background of "strong anti-union posture" may properly be considered to determine the probable effects on employees of particular acts of the employer. See, e. g., NLRB v. Hawthorn Co., 404 F.2d 1205,

1208 (8 Cir. 1969); NLRB v. Ralph Printing & Lithographing Co., 379 F.2d 687, 690 (8 Cir. 1967); NLRB v. Lexington Chair Co., 361 F.2d 283, 290 (4 Cir. 1966); NLRB v. Griggs Equip., Inc., 307 F.2d 275, 278 (5 Cir. 1962). It is not disputed that the company, as was their right, vigorously campaigned against the union. While the Board found that other conduct of the company did not constitute violations of the Act, the overall background surrounding the parties lends substance to the Board's finding of violations with respect to the company supervisor's actions. As recently observed by the Court of Appeals for the Fifth Circuit:

"Of course, the company has a legal right to '[make] no bones about its opposition to the Union.' Hendrix Mfg. Co. v. NLRB, 5 Cir. 1963, 321 F.2d 100, 103. However, the Board is entitled to consider emphatic anti-union attitudes as 'background' against which to measure the impact on employees of management's statements and conduct. 321 F.2d at 103–104, n. 6 p. 104." Independent, Inc. v. NLRB, 406 F.2d 203, 205 n. 1 (5 Cir. 1969).

Accordingly, we affirm the Board's findings and grant enforcement of its order.[1]

---

1. The Board ordered that the Regional Director pass upon the trial examiner's ruling setting aside the election. The Regional Director ordered a new election. It is urged that this order should be rescinded since there exists "only minimal instances of 8(a) (1) conduct." The last election was the third rejection of the union in recent years. The last vote was 47 to 23 against the union.

Assuming arguendo, the apparent equity to petitioner's argument, the Board's election order in its present posture is not ripe for review. See NLRB v. William J. Burns Int'l Detective Agency, 346 F.2d 897 (8 Cir. 1965). As stated in Daniel Constr. Co. v. NLRB, 341 F.2d 805, 810 (4 Cir. 1965):

"Our decision here does not deny Daniel its day in court on the objections which it has raised to the Board's determinations in the representation proceeding; it merely forecloses Daniel from raising those objections on *this* day in court. Daniel will be entitled to a review of the Board action in the representation case if the following succession of events occurs: the union wins the new election and is certified by the NLRB as the bargaining agent for the employees in question, the company thereafter refuses to bargain with the union because it feels the election was defective in some way, and the Board in a subsequent unfair labor proceeding adjudges the company to be in violation of section 8(a) (5) of the Act and orders it to bargain with the union as certified. Boire v. Greyhound Corp., 376 U.S. 473, 477, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); NLRB v. Falk Corp., supra [308 U.S. 453, 60 S.Ct. 307, 84 L.Ed. 396]; Volney Felt Mills v. LeBus, 196 F.2d 497 (5 Cir. 1952)."