**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 01-1070

| | | |
|---|---|---|
| Kenneth Vogel and Lea Vogel, | * | |
| | * | |
| Appellants, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa |
| | * | |
| Foth and Van Dyke Associates, Inc., | * | |
| | * | |
| Appellee. | * | |

Submitted:  June 13, 2001
Filed: September 17, 2001

Before McMILLIAN and RICHARD S. ARNOLD, Circuit Judges, and ROSENBAUM,[*] District Judge.

ROSENBAUM, District Judge.

Kenneth and Lea Vogel own land in Iowa which they hoped to convert to a residential subdivision.  The Vogels claim their hopes were dashed and their property devalued by the negligent acts of Foth and Van Dyke Associates, Inc.  Foth and Van Dyke, an engineering and consulting firm, was hired by Bluestem Solid Waste

---

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

Management Agency to conduct a search for a new landfill site in Linn County, Iowa. Foth and Van Dyke subsequently announced that a parcel of real estate abutting the Vogels' property was a finalist for the new landfill. The announcement had a predictably deleterious effect on the Vogels' plans.

The Vogels brought suit in Iowa state court, alleging Foth and Van Dyke negligently shepherded the search for the landfill site.[1] According to the Vogels, the suggested landfill site was prime farmland, and could not, under Iowa law, be used for a landfill. In their view, Foth and Van Dyke acted negligently in proposing a manifestly unsuitable site as a potential location for the landfill.[2] According to the Vogels, Foth and Van Dyke's inclusion of the neighboring site directly harmed their economic interests.[3] Foth and Van Dyke removed the action to federal court on the basis of diversity jurisdiction. After removal, Foth and Van Dyke sought dismissal of the Vogels' action on two grounds: failure to state a claim upon which relief can be granted, and lack of ripeness. The district court granted the motion, and the Vogels appealed, alleging their claim was both eligible for relief and ripe for adjudication.

We review de novo a district court's decision on a motion to dismiss. Randolph

---

[1] While the Vogels' allegations suggest Foth and Van Dyke intentionally manipulated the site selection process, they denominate their action as one sounding in negligence, and we analyze it accordingly.

[2] Indeed, Foth and Van Dyke later withdrew the site from consideration, although the decision does not appear to be based on the Iowa law preventing public improvements from being placed on prime farmland. Apparently, the site's proximity to the local airport rendered it unsuitable.

[3] Although not completely clear from the pleadings, the Vogels' appear to claim they either lost or were unable to find potential buyers for their proposed development following Foth and Van Dyke's announcement.

v. Rodgers, 253 F.3d 342, 345 (8th Cir. 2001). Because the question of ripeness touches a court's jurisdictional powers, we consider that issue first. The ripeness doctrine "seeks to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Paraquad, Inc. v. St. Louis Housing Authority, -- F.3d -- , 2001 WL 884103, at *1 (8th Cir. Aug. 8, 2001) (internal punctuation and citations omitted). According to Foth and Van Dyke, the Vogels' claim is not sufficiently ripe because no landfill site has yet been selected, rendering the complaint speculative. Foth and Van Dyke's argument misconstrues the nature of the Vogels' alleged harm.

The Vogels do not assert a contingent harm, but rather a current injury. That is, they do not allege that the landfill, if sited next to their property, might produce harm; they claim the announcement of the neighboring land as a potential site has directly and immediately harmed them by making their property less valuable for development and by driving away potential purchasers. The touchstone of a ripeness inquiry is whether the harm asserted has "matured enough to warrant judicial intervention." Id. The Vogels' claimed injury is fully accomplished; while the selection of the neighboring property as the final landfill site might increase the Vogels' alleged damages, it could not further ripen their claim.

Having determined the Vogels' claim is ripe, we turn to the substance of that claim. As the Supreme Court of Iowa recently observed, "The tort of negligence has developed into a broad and open-ended cause of action." Sain v. Cedar Rapids Community School District, 626 N.W.2d 115, 122 (Iowa 2001). Although the familiar elements of duty, breach of care, proximate cause, and damages are unchanging, the nature of the harm alleged determines the precise contours of the law applicable to a particular claim. In this case, the Vogels' claim is properly considered within the tort of negligently supplying information for the guidance of others. See Restatement (Second) of Torts § 552 (1977).

3

That tort, acknowledged in Iowa for more than two decades, provides for recovery from "[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions." Id. at § 552(1) (quoted in Larsen v. United Federal Savings and Loan Assoc., 300 N.W.2d 281, 287 (Iowa 1981)). Accepting as true the allegations in the Vogels' complaint, Foth and Van Dyke fits within the category of those who may be held liable under § 552: the firm supplied false information to Bluestem for use in selecting the final landfill site and was compensated for that information.

The inquiry does not end there, however. Because of "the fear that liability for misinformation could be virtually unlimited and include unknown claimants under the traditional foreseeability limitation applicable to negligence claims," more restrictive rules of recovery apply to torts alleging misinformation. Sain, 626 N.W.2d at 123. As in all negligence actions, the Vogels cannot recover unless they can establish that Foth and Van Dyke owed a duty to them. Under § 552, that duty is narrowly limited to "the person or one of a limited group of persons for whose benefit and guidance [the firm] intends to supply the information or knows that the recipient intends to supply it." Restatement (Second) of Torts § 552(2)(a). Foreseeability is not the test; "[t]he plaintiff must have been a person for whose use the representation was intended, and it is not enough that the defendant ought reasonably to have foreseen reliance by someone such as the plaintiff." Prosser and Keaton on the Law of Torts § 107, at 747 (1984) (quoted in Pahre v. Auditor of Iowa, 422 N.W.2d 178, 180 (Iowa 1988)).

The facts as alleged simply do not support a duty owed by Foth and Van Dyke to the Vogels, either as direct or indirect recipients of the information. The Vogels admittedly were not direct recipients of the information supplied by Foth and Van Dyke. The allegedly false information regarding the suitability of the neighboring property as a landfill site was supplied by Foth and Van Dyke to Bluestem, not the

4

Vogels, and that information was for the benefit of Bluestem, not the Vogels. Nor were the Vogels' indirect recipients of the information within the meaning of § 552. Bluestem did not supply the information to the Vogels for their benefit or guidance; indeed, Bluestem did not supply the information to them at all. The facts as pled by the Vogels place them outside the class protected by § 552.

Furthermore, nothing in the Vogels' complaint supports the conclusion that Foth and Van Dyke intended the Vogels to rely on the information supplied. Nor does the complaint allege the Vogels did, in fact, rely on that information. But reliance is "an express requirement of recovery under the Restatement." Schaefer v. Cerro Gordo County Abstract Co., 525 N.W.2d 844, 847 (Iowa 1994). Even were Foth and Van Dyke to owe a duty to the Vogels, the Vogels still would not be able to satisfy the necessary elements of the tort.

The Vogels may have been harmed by the announcement that the adjacent property was among the finalists for the new landfill site. And the information provided by Foth and Van Dyke to Bluestem to aid in selecting the finalists might have been false and negligently supplied. But it does not follow from those facts that Foth and Van Dyke may be held liable to the Vogels. Foth and Van Dyke did not supply the information to the Vogels or for their benefit. The Vogels did not rely on that information in making any particular decision. To recognize a duty under these facts would subject businesses that provide information to "liability in an indeterminate amount for an indeterminate time to an indeterminate class." Eldred v. McGladrey, Hendrickson & Pullen, 468 N.W.2d 218, 220 (Iowa 1991).

We agree with the district court that the Vogels have failed to state a claim upon which relief can be granted. Accordingly, we affirm.

5

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.