# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2739

_____

Jennifer Parrish; Addie Clyde; Cynthia Cunningham; Patricia Gentz; Holly Goad; Sara Nelson; Jerol Oldenkamp; Tracy Stengel; Lisa Templin; Ruth Tessmer; Sally Willis-Oeltjen; Tabitha Zimmer

*Plaintiffs - Appellants*

v.

Governor Mark Dayton, in his official capacity as the Governor of the State of Minnesota; Josh Tilsen, in his official capacity as Commissioner of the Bureau of Mediation Services; Lucinda Jesson, in her official capacity as Commissioner of the Minnesota Department of Human Services

*Defendants - Appellees*

AFSCME Council 5; Angela Anderson; Sharon O'Boyle; Marilyn Geller

*Intervenors below - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 15, 2014
Filed: July 31, 2014

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Jennifer Parrish and other plaintiffs operate child-care businesses in their homes. They challenge the constitutionality of Minnesota's Family Child Care Providers Representation Act (the Act). The district court[1] found plaintiffs' claims unripe, dismissing the case without prejudice. This court granted plaintiffs an injunction pending appeal. Having jurisdiction under 28 U.S.C. § 1291, this court dissolves the injunction and affirms the judgment of the district court.

Minnesota subsidizes child care for poor families by the Child Care Assistance Program. The Program pays child-care providers, but says they are not state employees. **Minn. Stat. § 119B.09**. In 2013, Minnesota passed the Act, making the providers "executive branch state employees employed by the commissioner of management and budget" for collective bargaining purposes. **Minn. Stat. § 179A.52**. The Act allows the election of an "exclusive representative" to represent the providers in meeting and negotiating with the state. *Id.* If elected, the exclusive representative may assess a "fair share fee" on "employees who are not members of the exclusive representative." **Minn. Stat. § 179A.06**. An election is triggered by the filing of "an appropriate petition stating that at least 30 percent of the appropriate unit [Program providers in Minnesota] wish to be represented by the petitioner." **Minn. Stat. § 179A.52**. If the employee organization wins the election, the state then certifies the employee organization as the exclusive representative. If an exclusive representative is not certified (or pending certification) by June 30, 2017, the Act expires. *See id.* Despite active efforts, no employee organization has filed a petition.

Plaintiffs argue that exclusive representation and the fair share fee violate their First Amendment rights. The state and an employee organization argue that plaintiffs' claims are unripe, since no petition has been filed. Ripeness is reviewed

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

de novo. ***Vogel v. Foth & Van Dyke Assocs., Inc.***, 266 F.3d 838, 840 (8th Cir. 2001). "[T]he ripeness inquiry requires examination of both the 'fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" ***Nebraska Pub. Power Dist. v. MidAmerican Energy Co.***, 234 F.3d 1032, 1038 (8th Cir. 2000), *quoting* ***Abbot Labs. v. Gardner***, 387 U.S. 136, 149 (1967). The fitness prong "safeguards against judicial review of hypothetical or speculative disagreements." ***Nebraska Pub. Power Dist.***, 234 F.3d at 1038. *See* ***Mulhall v. UNITE HERE Local 355***, 618 F.3d 1279, 1291 (11th Cir. 2010) ("The fitness prong is typically concerned with questions of 'finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed.'"), *quoting* ***Harrell v. The Florida Bar***, 608 F.3d 1241, 1258 (11th Cir. 2010). The hardship prong asks whether delayed review "inflicts significant practical harm" on the plaintiffs. ***Ohio Forestry Ass'n, Inc. v. Sierra Club***, 523 U.S. 726, 733 (1998). *See* ***Nebraska Pub. Power Dist.***, 234 F.3d at 1039 (finding that "an issue may be ripe" when delayed review results in "substantial financial risk, or will force parties to modify their behavior significantly").

"The touchstone of a ripeness inquiry is whether the harm asserted has 'matured enough to warrant judicial intervention.'" ***Vogel***, 266 F.3d at 840, *quoting* ***Paraquad, Inc. v. St. Louis Hous. Auth.***, 259 F.3d 956, 958 (8th Cir. 2001). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" ***Texas v. United States***, 523 U.S. 296, 300 (1998), *quoting* ***Thomas v. Union Carbide Agric. Prods. Co.***, 473 U.S. 568, 580-81 (1985). The plaintiffs need not "await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough.'" ***Babbitt v. United Farm Workers Nat'l Union***, 442 U.S. 289, 298 (1979), *quoting* ***Pennsylvania v. West Virginia***, 262 U.S. 553, 593 (1923).

The Supreme Court affirmed these principles in a similar challenge to exclusive representation. In *Harris v. Quinn*, 134 S. Ct. 2618 (2014), an Illinois statute allowed

"Disabilities Program" workers to elect an exclusive representative. One election was unsuccessful: workers "voted down efforts by [two employee organizations] to become their representatives." *Harris v. Quinn*, 134 S. Ct. 2618, 2644 n.30 (2014). The plaintiffs challenged the law based on the possible outcome of another—future—election. The Court found the claim unripe, since an election was not "currently scheduled" and "the record [did not] show that any union is currently trying to obtain certification through a card check program." *Id.*

Here, an election is not currently scheduled. No organization is trying to obtain certification through a card check program. No organization has filed a petition for an election. Plaintiffs have not shown any significant practical harm from awaiting a petition. The election of an exclusive representative is not certainly impending, and may not occur at all. *See Texas*, 523 U.S. at 300; *Babbitt*, 442 U.S. at 298; *Public Water Supply Dist. No. 10 of Cass Cnty., Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 573 (8th Cir. 2003) (finding a claim unripe when "no petition . . . has been filed, and it is not clear that a petition will ever be filed").[2] Plaintiffs' claims are not ripe for review.

\* \* \* \* \* \* \*

The injunction pending appeal is dissolved. The judgment of the district court is affirmed.

_____

_____

[2]The state discusses at length two NLRB cases. *See Orchard Corp. of Am. v. NLRB*, 408 F.2d 341, 342 n.1 (8th Cir. 1969) (finding the order to hold an election not ripe for review), *citing Daniel Constr. Co. v. NLRB*, 341 F.2d 805, 810 (4th Cir. 1965) ("Daniel will be entitled to a review of the Board action in the representation case if the following succession of events occurs: the union wins the new election and is certified by the NLRB . . . ."). In *Harris*, the Supreme Court did not rely on NLRB precedent in its ripeness analysis.