# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3746
_____

Alaa E. Elkharwily, M.D.

*Plaintiff - Appellant*

v.

Mayo Clinic Health System-Southeast Minnesota Region, doing business as Mayo
Clinic Health System - Albert Lea and Austin (MCHS-SMR)

*Defendant - Appellee*

Mayo Holding Company; Mayo Foundation; Mark Ciota, M.D.; John Grzybowski,
M.D.; Dieter Heinz, M.D.; Robert E. Nesse, M.D.; Steve Underdahl; Stephen Waldhoff

*Defendant*s
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: November 20, 2018
Filed: December 13, 2018
[Unpublished]
_____

Before BENTON, BOWMAN, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Alaa Elkharwily was held in contempt after violating a protective order by mishandling protected health information he received in discovery. He appeals several district court[1] orders related to the contempt proceedings. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Upon careful review of the parties' arguments and the circumstances of this case, the court finds no basis to reverse the court's orders. First, this court finds no abuse of discretion in the award of attorney's fees for the enforcement of a prior attorney's fee award related to the contempt proceedings. *See Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006) (this court reviews a district court's imposition of civil contempt and an award of monetary sanctions for abuse of discretion); *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267 (8th Cir. 1993) (factual basis for sanction is reviewed for abuse of discretion). This court finds no error in the dismissal of certain pending motions as moot after Elkharwily was purged of contempt. *See Krentz v. Robertson*, 228 F.3d 897, 902 (8th Cir. 2000) (plaintiff must first demonstrate he was deprived of some "life, liberty, or property" interest; if successful, he must then establish he was deprived of the interest without sufficient process). This court concludes there is no merit to Elkharwily's argument that the district court should not have updated the case caption to remove all named defendants but MCHS-SMR. Finally, the court declines to address Elkharwily's challenge to the district court's order cautioning that a future protective order violation would result in a bench warrant for his arrest, as the matter is not ripe for review. *See Parrish v. Dayton*, 761 F.3d 873, 875-76 (8th Cir. 2014) (claim is not ripe for adjudication of it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (citations omitted).

The judgment of the district court is affirmed. *See* 8th Cir. R. 47B.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Steven E. Rau, United States Magistrate Judge for the District of Minnesota.