# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1341
_____

Ozgur Can Leonard

*Plaintiff - Appellant*

v.

Rachel Joy Lentz

*Defendant - Appellee*

Steven Troy Lentz

*Defendant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: January 4, 2019
Filed: January 14, 2019
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In this matter brought under the Hague Convention on the Civil Aspects of International Child Abduction (Hague Convention),[1] Ozgur Leonard, a dual citizen of Turkey and the United States, appeals from the order of the district court[2] granting judgment in favor of his estranged wife, Rachel Lentz, a United States citizen. Leonard claimed that Lentz had wrongfully removed the couple's three minor children, I.Y.L., E.M.L., and S.M.L, to the United States, and he sought the return of the children to the Republic of Turkey. Lentz denied having taken any wrongful action. As an affirmative defense, she asserted, inter alia, that E.M.L., who had been born with End Stage Renal Disease and needed a kidney transplant, required a much more advanced treatment facility and medical team than Turkey could provide; and that returning the children to Turkey would create a grave risk that they would suffer some physical or psychological harm, or place them in an intolerable situation.

The district court concluded that Leonard had established a prima facie case for wrongful removal. See Barzilay v. Barzilay, 600 F.3d 912, 917 (8th Cir. 2010) (explaining that court considering ICARA petition must determine child's habitual residence immediately prior to removal, whether removal violated petitioner's custody rights under law of habitual residence, and whether petitioner was exercising those rights at time of removal). The district court further determined, however, that Lentz had established the grave risk exception to removal, finding, as relevant, that the evidence, particularly testimony provided by E.M.L.'s doctors at the University of Iowa Health Care (UIHC), showed that ordering E.M.L. to be returned at that time would pose a grave risk to her physical health, and that E.M.L. would need to remain in close proximity to UIHC for the duration of her post-transplant recovery. See 22

---

[1] Pub. L. 100-300 Sec. 2(a)(4), codified as the International Child Abduction Remedies Act (ICARA), 22 U.S.C. § 9001(a)(4).

[2] The Honorable C. J. Williams, then Chief United States Magistrate Judge, and now United States District Judge, for the Northern District of Iowa, presiding pursuant to the consent of the parties under 28 U.S.C. § 636(c).

U.S.C. § 9003(e)(2)(A) (respondent opposing child's return has burden to establish by clear and convincing evidence that exception set forth in article 13b of Hague Convention applies); Hague Convention, art. 13b (judicial authority is not bound to order child's return if person opposing return establishes there is a grave risk that child's return would expose child to physical or psychological harm or otherwise place child in intolerable situation). Accordingly, the court denied Leonard's request to return the children to Turkey. Just weeks after E.M.L. received a kidney transplant from Lentz, Leonard asked the court to reconsider its decision and, as relevant, to "order the return of the [c]hildren contingent on a future medical 'release' by [E.M.L's nephrologist] stating [she was] satisfied that E.M.L's further care [could] be provided in Turkey." The district court found that the issue of whether E.M.L. could be returned to Turkey post-transplant was not ripe for consideration.

On appeal, Leonard argues, as relevant, that the district court improperly denied his request to return the children to Turkey because the transplant had already occurred and because there was no evidence before the district court demonstrating that Turkish medical facilities were unable to provide adequate post-transplant care.[3]

We agree that the issue is not ripe for consideration, as the record contains neither evidence that E.M.L. had reached the point in her recovery where her medical team was prepared to release her nor evidence establishing the point at which post-transplant return to Turkey would be safe for E.M.L. See Parrish v. Dayton, 761 F.3d 873, 875 (8th Cir. 2014) (ripeness is reviewed de novo; "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all") (citation and internal quotations omitted).

The judgment is affirmed.[4]

_____

[3]Leonard's other appeal arguments are either moot or without merit.

[4]Lentz's motion to supplement the record is granted.

-3-