# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3022

_____

Russell Frank Craig

*Plaintiff - Appellant*

v.

James Sayler, Warden; Steve Hall, Parole and Probation; David Krabbenhoft,
Director of Prison; Drew Howard Wrigley, Attorney General

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: March 21, 2024
Filed: April 5, 2024
[Unpublished]

_____

Before SMITH, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Russell Craig, who is serving a North Dakota sentence of life with the
possibility of parole, appeals the district court's[1] dismissal for lack of jurisdiction of

_____

[1]The Honorable Clare R. Hochhalter, United States Magistrate Judge for the
District of North Dakota, to whom the case was referred for final disposition by
consent of the parties pursuant to 28 U.S.C. § 636(c).

his pro se 42 U.S.C. § 1983 action challenging the calculation of his parole eligibility. Upon careful review, we conclude that Craig's challenge to the calculation--based on the use of a mortality table which differentiates based on sex and race--is not yet ripe. See Parrish v. Dayton, 761 F.3d 873, 875 (8th Cir. 2014) (claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all); Laclede Gas Co. v. St. Charles Cty., Mo., 713 F.3d 413, 417 (8th Cir. 2013) (de novo review of dismissal for lack of subject matter jurisdiction); see also N.D. Cent. Code § 12.1-32-09.1 (persons convicted of violent offenses are not eligible for parole until they have completed 85% of their sentences; parole for life sentence is calculated with reference to a mortality table chosen by the state supreme court). His eligibility is not currently--and may never be--based on his life expectancy, as another statute prohibits his release until he has served 30 years in prison, less good-time credit. See N.D. Cent. Code § 12.1-32-01(1). It is unknown at this time whether Craig will have sufficient good-time credit under this section to be eligible for release earlier than the date on which he would be eligible based on the mortality table.

Craig may bring his claim again as he approaches parole eligibility under section 12.1-32-01(1), at which time it will be more certain whether, because of good time credit earned, the mortality table will determine his parole eligibility and whether the relief he seeks will redress his injury by actually affecting his eligibility date. See Parrish, 761 F.3d at 875 (plaintiff need not await the consummation of the threatened injury, it is enough that the injury is certainly impending); cf. Hughes v. City of Cedar Rapids, 840 F.3d 987, 991-92 (8th Cir. 2016) (to have standing, plaintiff must show injury in fact, causal connection between complained-of conduct and injury; and likelihood that injury will be redressed by favorable decision).

Accordingly, we affirm.

_____