# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1997
_____

Raymond James Morley

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: December 22, 2025
Filed: December 31, 2025
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Bahamian citizen Raymond James Morley petitions for review of an order of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

The BIA dismissed Morley's appeal from the decision of an immigration judge (IJ) denying him asylum, withholding of removal, and protection under the Convention Against Torture (CAT). First, Morley argues the IJ's determination that he was firmly resettled in Canada did not preclude relief in the form of withholding of removal or CAT protection. But the BIA did not consider his resettlement when it denied him relief from removal on the merits alone. *See Malonga v. Holder*, 621 F.3d 757, 764 (8th Cir. 2010) (this court reviews BIA's decision as final agency decision). And Morley has waived any challenge to the denial of asylum and withholding of removal by failing to challenge the BIA's determination that he did not establish a nexus between any harm he experienced or feared and a protected ground. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1); 1231(b)(3)(A); *Baltti v. Sessions*, 878 F.3d 240, 245 (8th Cir. 2017) (the lack of a nexus is a sufficient reason to deny an asylum application); *Gonzalez Cano v. Lynch*, 809 F.3d 1056, 1059 (8th Cir. 2016) (withholding of removal properly denied where petitioner fails to establish nexus). Morley also argues that his removal to the Bahamas violated the United States' non-refoulement obligations. Given that he failed to establish an entitlement to withholding of removal on the merits, however, Morley cannot establish his removal violates non-refoulement principles. *See* 8 U.S.C. § 1231(b)(3)(A); *Delgado v. Holder*, 648 F.3d 1095, 1100–01 (9th Cir. 2011) (explaining Congress's incorporation of non-refoulement obligations into § 1231).

Next, Morley argues that he was denied due process in connection with the agency's CAT determination because he was not provided a meaningful opportunity "to present or receive a CAT-specific adjudication." This argument is unsupported by the record. The agency afforded him a meaningful opportunity to present his CAT claim through testimony and written submissions, and rendered a CAT-specific adjudication, independent of its asylum and withholding-of-removal analysis. *See Alva-Arellano v. Lynch*, 811 F.3d 1064, 1066 (8th Cir. 2016) (standard of review; to establish that a removal hearing violated due process, noncitizen must demonstrate both a fundamental procedural error and prejudice).

Finally, we conclude that section 1252(g) deprives this court of jurisdiction over Morley's claims for any compensation. *See Silva v. United States*, 866 F.3d 938, 940–41 (8th Cir. 2017).

The petition is denied.[1]  *See* 8th Cir. R. 47B.

_____

_____

[1]Morley also suggests he intends to file actions under the Torture Victim Protection Act and Federal Tort Claims Act. The court declines to address the statements as they fail to present a matter that is ripe for review.  *See Parrish v. Dayton*, 761 F.3d 873, 875–76 (8th Cir. 2014) (claim is not ripe for adjudication if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (citations omitted).